Justin D. DEBOER, Plaintiff–
Appellant,

v.

Enrique M. LUY, Defendant–Appellee.

No. 02–2864.

United States Court of Appeals,
Seventh Circuit.

Submitted June 25, 2003.*

Decided June 25, 2003.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and EVANS, Circuit Judges.

## ORDER

Wisconsin inmate Justin DeBoer suffered from chronic mastoiditis in his right ear (an infection of the mastoid bone behind the ear), which caused him to experience severe pain and blood draining from his ear. Dissatisfied with the strength of the pain medication he received while incarcerated at Fox Lake Correctional Institution, DeBoer sued prison physician Enrique Luy under 42 U.S.C. § 1983, alleging that Dr. Luy was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court granted summary judgment to Dr. Luy, holding that DeBoer had not demonstrated a genuine issue of material fact regarding whether Dr. Luy was deliberately indifferent. We affirm.

In October 2000 when DeBoer was transferred to Fox Lake, he began complaining to Dr. Luy of pain resulting from a chronic ear infection and bleeding in his right ear, and Dr. Luy referred him to the University of Wisconsin Ear, Nose, and Throat Clinic (UW–ENT). After determining that DeBoer suffered from recurrent right mastoiditis, UW–ENT prescribed Vicodin (a narcotic drug indicated for relief of moderate to moderately severe pain, *Physicians' Desk Reference* 509 (57th ed.2003)) to control his pain. But Dr. Luy changed the prescription to Tylenol # 3 (a drug containing codeine indicated for relief of mild to moderately severe pain, *id.* at 2507) because the Vicodin prescription would have taken too long to fill and he did not want DeBoer to be without pain medication.

Over the next five months, DeBoer was seen and prescribed medication by Dr. Luy and UW–ENT eleven times. There is no evidence in the record to reflect that DeBoer was ever denied treatment. When DeBoer continued to complain of ear pain, UW–ENT prescribed either Percocet (a Schedule II Controlled Substance indicated for relief of moderate to moderately severe pain, *id.* at 1304–05) or Vicodin. Dr. Luy filled these prescriptions, and when they lapsed, he prescribed Darvocet (a narcotic drug indicated for relief of mild to moderate pain, *id.* at 3504) for DeBoer's continued ear pain. Dr. Luy stated that he prescribed Darvocet instead of refilling the Percocet prescriptions because he believed Darvocet to be less habit-forming than Percocet and he did not want DeBoer to be addicted to pain medication. When the Darvocet did not control DeBoer's pain, Dr. Luy increased the dosage and then prescribed Vicodin.

By March 2001 DeBoer's recurrent mastoiditis and severe ear pain had not improved, and he underwent ear surgery. UW–ENT discharged him with a one-week prescription for Percocet. When this prescription lapsed, Dr. Luy prescribed Ibuprofen because he believed it was sufficient to reduce DeBoer's post-surgery pain, which would lessen as his ear healed. DeBoer went to UW–ENT for a follow-up visit about a month later and was not prescribed any pain medication.

Unfortunately, DeBoer's pain recurred in June 2001, and UW–ENT prescribed Percocet. When this prescription lapsed, Dr. Luy prescribed Ibuprofen because he did not want DeBoer to become addicted to pain medication. In August 2001 UW–ENT prescribed Tylenol # 3 for DeBoer's ear pain, but Dr. Luy administered Tylenol. Finally, in October UW–ENT provided DeBoer with Celebrex (a nonsteroidal, anti-inflammatory indicated for the management of acute pain, *id.* at 2589–90), and a couple of days later, before DeBoer was transferred out of Fox Lake, Dr. Luy prescribed Tylenol # 3 for his ear pain.

DeBoer sued Dr. Luy, alleging that Dr. Luy was deliberately indifferent to his medical needs when he modified or refused to give him the medications prescribed by UW–ENT. He generally claimed that although his UW–ENT prescriptions were filled at a University of Wisconsin outpatient pharmacy, he received only one of these prescriptions. According to DeBoer, Dr. Luy was deliberately indifferent to his medical needs because he would not give DeBoer the medication prescribed by UW–ENT, would give DeBoer "propoxy" instead of the Darvocet he prescribed (propoxyphene, however, is the generic form of Darvocet, *id.* at 122), and would change prescribed medication to a "cheaper and less effect[ive] course of treatment."

The district court granted Dr. Luy summary judgment because a jury could not infer that Dr. Luy's "choices regarding the treatment of [DeBoer's] pain were medically inappropriate or based upon something other than his sound medical judgment." The court believed that DeBoer suffered from an objectively serious medical need but that he failed to create an issue of material fact that Dr. Luy was deliberately indifferent to this medical need. Noting that Dr. Luy had to weigh the efficacy of powerful pain killers against their addictiveness, the court stated that "[t]his kind of delicate balancing between the benefits of pain relief and the risk of addiction can be characterized fairly as a 'classic example of a matter for medical judgment' that falls outside the purview of the Eighth Amendment." According to the district court, DeBoer's unhappiness with his course of treatment was not sufficient to establish deliberate indifference because he was receiving *some* treatment, even if it was cheaper and less effective as DeBoer claimed.

DeBoer filed a motion under Federal Rule of Civil Procedure 59(e), arguing that new evidence created a genuine issue of material fact precluding summary judgment. He referred to a post-surgical discharge summary from May 2002 completed by Dr. G. Mark Pyle mentioning that his pain may have been uncontrolled by medication; DeBoer argued that this report demonstrated that Dr. Luy undertreated his ear pain in violation of the Eighth Amendment. The district court drew a different conclusion; in the court's view, the summary was merely another example of conflicting medical judgments of which a court should not interfere. Accordingly, the court denied the motion.

We review a grant of summary judgment *de novo,* viewing the facts in the light most favorable to the non-moving party. *Salvadori v. Franklin Sch. Dist.,* 293 F.3d 989, 996 (7th Cir.2002). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Because DeBoer did not provide evidentiary support for the allegations he made in response to Dr. Luy's motion for summary judgment, we accept Luy's version of the facts. *Salvadori,* 293 F.3d at 992, 996.

To succeed on his Eighth Amendment claim of inadequate medical care, DeBoer must prove that he suffers from an objectively serious medical condition and that Dr. Luy was deliberately indifferent to that medical condition. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002). A defendant acts with deliberate indifference if he knew of a substantial risk of serious harm and acted or failed to act despite this knowledge. *Farmer,* 511 U.S. at 842, 114 S.Ct. 1970. In the medical context, we will look at the totality of an inmate's medical care to evaluate whether a doctor was deliberately indifferent to his medical needs. *Gutierrez v. Peters,* 111

F.3d 1364, 1375 (7th Cir.1997). Dr. Luy does not dispute that DeBoer suffers from an objectively serious medical condition.

■ On appeal DeBoer renews his argument that Dr. Luy–who according to DeBoer, is not an expert in the ear, nose, and throat field–acted with deliberate indifference when he substituted his medical judgment for that of the doctors at UW–ENT and prescribed cheaper and less effective alternative medications. As an example, DeBoer notes that in December 2001 UW–ENT prescribed Percocet, but two weeks later, Dr. Luy agreed to give him only "propoxy." DeBoer argues that it is inappropriate for a "general practitioner" like Dr. Luy to override prescriptions from a "primary expert specialist in E.N.T."

DeBoer's argument is essentially a demand for a specific treatment–the treatment prescribed by UW–ENT. But the Eighth Amendment does not guarantee that an inmate receive specific treatment; it guarantees only "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir.1997). The Eighth Amendment does not prohibit a prison doctor from exercising his own independent medical judgment regarding an appropriate medical treatment, and a prisoner's mere disagreement with a doctor's medical judgment concerning treatment does not support a claim of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996) ("Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference...."); *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir.1996) ("Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference.").

Despite DeBoer's assertion to the contrary, Dr. Luy did not act with deliberate indifference. Dr. Luy followed UW–ENT's treatment plan a majority of the time. When he could not provide DeBoer with UW–ENT's recommended treatment (Vicodin for moderate to moderately severe pain), he prescribed a substitute (Tylenol #3 for mild to moderately severe pain) that, based on his medical judgment, he believed to be reasonable. Further, when DeBoer's prescriptions from UW–ENT lapsed, Dr. Luy exercised his medical discretion and prescribed pain medication that he believed to be less addictive.

■ DeBoer also argues generally that Dr. Luy refused to prescribe pain medication when he requested it and, therefore, was deliberately indifferent to his medical needs. DeBoer argues without elaboration or reference to the record that he "sent a total of 54 request[s] to Dr. Luy about the severe pain he was having and asking him to raise the dosage [and] [Dr. Luy] would say 'No' or that this was the strongest he was allowed to prescribe." It is true that the refusal to give an inmate any prescribed pain medication can amount to deliberate indifference, *see Benjamin*, 293 F.3d at 1040, but DeBoer has not pointed us to any evidence in this record to substantiate his claim that his pain was ever disregarded. At the very least, his pain seems to have been closely monitored; the record reveals that DeBoer received sixteen separate prescriptions over the course of his year-long stay at Fox Lake.

■ Finally DeBoer appears to challenge the district court's denial of his Rule 59(e) motion in which he argued that evidence from a medical expert (the discharge summary from Dr. Pyle) established that Dr. Luy undertreated his pain and thereby violated the Eighth Amendment. DeBoer relies on a sentence in the discharge summary, noting that he "has

had recurrent problems with granulation tissue, bloody otorrhea, and severe otalgia uncontrolled by nonnarcotic pain medications." The court, however, properly downplayed the significance of this single statement; the statement, in the court's view, only underscored that mere differences of medical opinions about patient treatment do not give rise to deliberate indifference. *Estate of Cole,* 94 F.3d at 261. The district court did not abuse its discretion when it denied DeBoer's Rule 59(e) motion. *See Bordelon v. Chi. Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir.2000) (review Rule 59(e) denials for abuse of discretion).

AFFIRMED.